IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHAZ RICHARD | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.:** |
| | ) | |
| MOXIE SOLAR, INC., and | ) | |
| MOXIE SOLAR ILLINOIS, LLC. | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Chaz Richard ("Plaintiff" or "Chaz") states as follows as his Complaint against Defendants Moxie Solar, Inc., and Moxie Solar Illinois, LLC ("Moxie"):

**Nature of the Action**

1. This action is brought because the Defendants fired Chaz because he refused to violate safety rules. The Defendants, which are engaged in a business that requires its workers to climb on roofs, frequently ignore government regulations designed to preserve human life. When Chaz opposed these violations, the Defendants fired him.

**Parties**

2. Chaz is a citizen of the state of Illinois.

3. Moxie is one of the largest installers of solar panels in the United States. It performs over 3,000 installations per year and operates in 27 states, including within the Northern District of Illinois.

4. Defendant Moxie Solar, Inc. is a citizen of the state of Iowa. It is an Iowa corporation with its principal place of business located in North Liberty, Iowa.

5. Defendant Moxie Solar Illinois LLC was formed as an Illinois limited liability company and has its principal place of business in North Liberty, Iowa. It has two members both of whom are citizens of Iowa. Therefore, Moxie Solar Illinois LLC is a citizen of Iowa.

## Jurisdiction and Venue

6. There is complete diversity of the parties in this case and the amount in controversy is in excess of $75,000. Therefore, there is federal subject jurisdiction pursuant to 28 U.S.C. § 1332.

7. Venue is proper in the Northern District of Illinois because the events giving rise to the Plaintiff's termination occurred substantially here.

## Factual Allegations

8. Chaz began working for both Defendants in February 2019.

9. Chaz's job at Moxie was initially on the install crew to put up solar panels and then became an electrical apprentice.

10. Chaz was an excellent employee and satisfactorily performed his job duties.

11. As a testament to his outstanding work performance, Moxie asked Chaz to join the Electrical Apprenticeship Program.

12. In mid-July, 2021, Chaz was assigned to work on a job located at a property located in Kane County, Illinois.

13. As an electrical apprentice, most of Chaz's time was not spent working on a roof.

14. On the day in question it had started to rain and this means that the roof would become slippery.

15. At the day in question, in July 2021, the Moxie Project Manager Ryan Plock required that work be performed on the site that would have required going on to a roof without safety equipment.

16. Plock communicated this requirement through Moxie's a lead on the job (Cory Crowe).

17. The electricians van was not stocked with safety harnesses so there were none available on site for Chaz to use.

18. Chaz was concerned for his safety of himself and others because there was not sufficient safety equipment available--or other means to protect workers when climbing on roofs-- and Moxie was not following government regulations required to protect its workers.

19. Moxie routinely violated several government-mandated rules and regulations designed to protect workers and did so in Kane County, Illinois at the job site in question.

20. Moxie failed to comply with the General Duty clause of OSHA, specifically that it "shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. § 654, 5(a)

21. For example, 29 CFR 1926.500-503 governs fall protection and 1926.501(b)(1) mandates that: "Each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8 m) or more above a lower level shall be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Likewise, 1926.501(b)(13), governing residential construction, provides that "[e]ach employee engaged in residential construction activities 6 feet (1.8 m) or more above lower levels shall be protected by guardrail systems, safety net system, or personal fall arrest system".

22. On the day of the job in question, Moxie did not use a guardrail system, safety net systems, or personal fall arrest systems and the roof was approximately 20 feet high.

23. As a result of his concerns regarding Moxie's ongoing health and safety violations, Chaz contacted Moxie's Safety Manager that same day about his concerns about the lack of safety equipment.

24. Moxie fired Chaz for raising safety concerns and refusing to violate the law.

## COUNT I – COMMON LAW RETALIATORY DISCHARGE

23. Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of the Complaint, as if fully set forth herein.

24. Defendants acted with malice and deliberately to terminate Plaintiff's employment for protesting and opposing health and safety concerns.

WHEREFORE, Plaintiff requests the following relief:

    A) An amount to be determined at trial in compensatory damages;

    B) Lost wages;

    C) Punitive damages; and

    D) Such other and further relief as this Court deems appropriate and just.

## COUNT II - ILLINOIS WHISTLEBLOWER ACT
### (740 ILCS 174/15(b))

25. Plaintiff hereby realleges and incorporates paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26. Defendants are an entity with one or more employees in this State.

27. Plaintiff was employed on a full-time, part-time or on a contractual basis by Defendants.

28. Defendants retaliated against Plaintiff, in whole or in part, for refusing to engage in health and safety violations as set forth by federal or State law, rule or regulation, in violation of Section 20 of the Whistleblower Act. 740 ILCS 174/20.

29. Plaintiff had reasonable cause to believe that the safety violations disclosed a violation of a rule or regulation.

30. As a proximate result of the retaliation, Plaintiff suffered damages. Plaintiff was damaged as a result of termination and lost income from being unemployed, future job choices are limited, and he suffered humiliation.

WHEREFORE, Plaintiff respectfully requests the following relief:

A) All damages available to her under the law;

B) Reinstatement;

C) Back Pay with interest;

D) Future lost earnings;

E) All damages sustained as a result of the violation;

F) Litigation costs;

G) Attorneys' fees; and

H) Such other and future relief as this Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: October 26, 2021            Respectfully Submitted,

           By: /s/ David Fish\_\_\_
           One of the Attorneys for the Plaintiff

David J. Fish
Thalia Pacheco
FISH POTTER BOLAÑOS, P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
(312) 861-1800
(fax) (630)778-0400
docketing@fishlawfirm.com
dfish@fishlawfirm.com
tpacheco@fishlawfirm.com