IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHAZ RICHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-05727 |
| | ) | |
| MOXIE SOLAR, INC., and MOXIE SOLAR ILLINOIS, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COME the Defendants, MOXIE SOLAR, INC. and MOXIE SOLAR ILLINOIS, LLC, by and through their attorneys, DOHERTY & PROGAR LLC, and for their Answer to Plaintiff's Complaint, state as follows:

**Nature of the Action**

1. This action is brought because the Defendants fired Chaz because he refused to violate safety rules. The Defendants, which are engaged in a business that requires its workers to climb on roofs, frequently ignore government regulations designed to preserve human life. When Chaz opposed these violations, the Defendants fired him.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 1 of the Plaintiff's Complaint.

**Parties**

2. Chaz is a citizen of the state of Illinois.

**ANSWER:** Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Moxie is one of the largest installers of solar panels in the United States. It performs over 3,000 installations per year and operates in 27 states, including within the Northern District of Illinois.

**ANSWER:** Defendants admit the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant Moxie Solar, Inc. is a citizen of the state of Iowa. It is an Iowa corporation with its principal place of business located in North Liberty, Iowa.

**ANSWER:** Defendants admit the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant Moxie Solar Illinois LLC was formed as an Illinois limited liability company and has its principal place of business in North Liberty, Iowa. It has two members both of whom are citizens of Iowa. Therefore, Moxie Solar Illinois LLC is a citizen of Iowa.

**ANSWER:** Defendants admits that Moxie Solar Illinois LLC was formed as an Illinois limited liability company and has its principal place of business in North Liberty, Iowa. Defendants neither admit nor deny the remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint because it contains legal conclusions to which no answer is required.

## Jurisdiction and Venue

6. There is complete diversity of the parties in this case and the amount in controversy is in excess of $75,000. Therefore, there is federal subject jurisdiction pursuant to 28 U.S.C. § 1332.

**ANSWER:** Defendants neither admit nor deny the allegations contained in Paragraph 6 of the Plaintiff's Complaint because it contains legal conclusions to which no answer is required.

7. Venue is proper in the Northern District of Illinois because the events giving rise to the Plaintiff's termination occurred substantially here.

**ANSWER:** Defendants neither admit nor deny the allegations contained in Paragraph 7 of the Plaintiff's Complaint because it contains legal conclusions to which no answer is required.

## Factual Allegations

8. Chaz began working for both Defendants in February 2019.

**ANSWER:** Defendants admit that Chaz began working for Moxie Solar, Inc. in February 2019, but Defendants deny each and every remaining allegation contained in Paragraph 8 of the Plaintiff's Complaint.

9. Chaz's job at Moxie was initially on the install crew to put up solar panels and then became an electrical apprentice.

**ANSWER:** Defendants admit the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Chaz was an excellent employee and satisfactorily performed his job duties.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 10 of the Plaintiff's Complaint.

11. As a testament to his outstanding work performance, Moxie asked Chaz to join the Electrical Apprenticeship Program.

**ANSWER:** Defendants admit that Moxie asked Chaz to join the Electrical Apprenticeship Program, but Defendants deny each and every remaining allegation contained in Paragraph 11 of the Plaintiff's Complaint.

12. In mid-July, 2021, Chaz was assigned to work on a job located at a property located in Kane County, Illinois.

**ANSWER:** Defendants admit the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. As an electrical apprentice, most of Chaz's time was not spent working on a roof.

**ANSWER:** Defendants admit the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. On the day in question it had started to rain and this means that the roof would become slippery.

**ANSWER:** Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. At the day in question, in July 2021, the Moxie Project Manager Ryan Plock required that work be performed on the site that would have required going on to a roof without safety equipment.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 15 of the Plaintiff's Complaint.

16. Plock communicated this requirement through Moxie's a lead on the job (Cory Crowe).

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 16 of the Plaintiff's Complaint.

17. The electricians van was not stocked with safety harnesses so there were none available on site for Chaz to use.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 17 of the Plaintiff's Complaint.

18. Chaz was concerned for his safety of himself and others because there was not sufficient safety equipment available - or other means to protect workers when climbing on roofs - and Moxie was not following government regulations required to protect its workers.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 18 of the Plaintiff's Complaint.

19. Moxie routinely violated several government-mandated rules and regulations designed to protect workers and did so in Kane County, Illinois at the job site in question.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 19 of the Plaintiff's Complaint.

20. Moxie failed to comply with the General Duty clause of OSHA, specifically that it "shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. § 654, 5(a).

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 20 of the Plaintiff's Complaint.

21. For example, 29 CFR 1926.500-503 governs fall protection and 1926.501(b)(1) mandates that: "Each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8 m) or more above a lower level shall be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Likewise, 1926.501(b)(13), governing residential construction, provides that "[e]ach employee engaged in residential construction activities 6 feet (1.8 m) or more above lower levels shall be protected by guardrails systems, safety net system, or personal fall arrest system."

**ANSWER:** Defendants admit the existence of 29 CFR 1926.500-503. To the extent that Paragraph 21 of Plaintiff's Complaint contains any allegations against Defendants, they are denied.

22. On the day of the job in questions, Moxie did not use a guardrail system, safety net systems, or personal fall arrest systems and the roof was approximately 20 feet high.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 22 of the Plaintiff's Complaint.

23.     As a result of his concerns regarding Moxie's ongoing health and safety violations, Chaz contacted Moxie's Safety Manager that same day about his concerns about the lack of safety equipment.

**ANSWER:**     Defendants admit that Chaz contacted Moxie's Safety Manager, but Defendants deny each and every remaining allegation contained in Paragraph 23 of the Plaintiff's Complaint.

24.     Moxie fired Chaz for raising safety concerns and refusing to violate the law.

**ANSWER:**     Defendants deny each and every allegation contained in Paragraph 24 of the Plaintiff's Complaint.

## **COUNT I - COMMON LAW RETALIATORY DISCHARGE**

23.     Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of the Complaint, as if fully set forth herein.

**ANSWER:**     Defendants restate and reallege their Answers to Paragraphs 1 through 22 of the Plaintiff's Complaint, as their Answer to Paragraph 23 of Count I of the Plaintiff's Complaint, as though fully set forth herein.

24.     Defendants acted with malice and deliberately to terminate Plaintiff's employment for protesting and opposing health and safety concerns.

**ANSWER:**     Defendants deny each and every allegation contained in Paragraph 24 of Count I of the Plaintiff's Complaint.

WHEREFORE, the Defendants, Moxie Solar, Inc. and Moxie Solar Illinois LLC , by and through their attorneys, Doherty & Progar LLC, denies that the Plaintiff, Chaz Richard, is entitled to the relief requested or the damages claimed in his Complaint, in any amount whatsoever, and prays for the entry of an order of Judgment in their favor and against the Plaintiff, plus the costs of this suit.

**DEFENDANTS DEMAND A JURY TRIAL BY TWELVE PERSONS**

## COUNT II - ILLINOIS WHISTLEBLOWER ACT
### (740 ILCS 174/15(b))

25. Plaintiff hereby realleges and incorporates paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

**ANSWER:** Defendants restate and reallege their Answers to Paragraphs 1 through 24 of the Plaintiff's Complaint, as their Answer to Paragraph 25 of Count II of the Plaintiff's Complaint, as though fully set forth herein.

26. Defendants are an entity with one or more employees in this State.

**ANSWER:** Defendants admit the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Plaintiff was employed on a full-time, part-time or on a contractual basis by Defendants.

**ANSWER:** Defendants admit that Plaintiff was employed on a full-time, part-time or on a contractual basis by Moxie Solar, Inc., but Defendants deny each and every remaining allegation contained in Paragraph 27 of the Plaintiff's Complaint.

28. Defendants retaliated against Plaintiff, in whole or in part, for refusing to engage in health and safety violations as set forth by federal or State law, rule or regulation, in violation of Section 20 of the Whistleblower Act, 740 ILCS 174/20.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 28 of the Plaintiff's Complaint.

29. Plaintiff had reasonable cause to believe that the safety violations disclosed a violation of a rule or regulation.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 29 of the Plaintiff's Complaint.

30. As a proximate result of the retaliation, Plaintiff suffered damages. Plaintiff was damaged as a result of the termination and lost income from being unemployed, future job choices are limited, and he suffered humiliation.

**ANSWER:** Defendants deny each and every allegation contained in Paragraph 30 of the Plaintiff's Complaint.

WHEREFORE, the Defendants, Moxie Solar, Inc. and Moxie Solar Illinois LLC, by and through their attorneys, Doherty & Progar LLC, denies that the Plaintiff, Chaz Richard, is entitled to the relief requested or the damages claimed in his Complaint, in any amount whatsoever, and prays for the entry of an order of Judgment in their favor and against the Plaintiff, plus the costs of this suit.

**DEFENDANTS DEMAND A JURY TRIAL BY TWELVE PERSONS**

    Respectfully submitted,

    MOXIE SOLAR, INC. and
    MOXIE SOLAR ILLINOIS, LLC

    By: */s Joseph Pierotti*
        Joseph Pierotti
        One of Defendants' Attorneys

Michael R. Luchsinger, Esq. (ARDC #: 6311505)
Joseph Pierotti, Esq. (ARDC #: 6225847)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL   60606
(312) 630-9630 / (312) 630-9001 (Fax)
Service via e-mail accepted: *mail@doherty-progar.com*
*Via e-mail: mrl@doherty-progar.com*
*Via e-mail: jp@doherty-progar.com*

**VERIFICATION BY CERTIFICATION
AND AFFIDAVIT OF INSUFFICIENT KNOWLEDGE**

Under penalties as provided by law, the undersigned certifies that I am authorized to represent the interests of Moxie Solar, Inc. and Moxie Solar Illinois LLC. in this matter and that the statements set forth in the foregoing Answer to Plaintiff's Complaint are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true and correct to the best of his knowledge, information and belief.

Further, the undersigned certifies that the responses asserting lack of sufficient knowledge to admit or deny certain allegations are true and correct.

Signed on December __23__, 2021

By: _____
Jason Hall
Chief Executive Officer, Moxie Solar, Inc.

## CERTIFICATE OF SERVICE

I, Joseph Pierotti, certify that on December  23  , 2021, a true and correct copy of the foregoing was served and filed using the Court's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

                                              */s/ Joseph Pierotti, Esq.*
                                              Joseph Pierotti, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAZ RICHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-05727 |
| | ) |
| MOXIE SOLAR, INC., and MOXIE SOLAR ILLINOIS, LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES, the Defendants, MOXIE SOLAR, INC. and MOXIE SOLAR ILLINOIS, LLC, by and through their attorneys, DOHERTY & PROGAR LLC, and for their Affirmative Defenses to the Plaintiff's Complaint, states as follows:

**FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE FACTS SUFFICIENT TO STATE A CLAIM**

The Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief can be granted and therefore should be barred in whole or in part.

**SECOND AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore should be barred in whole or in part.

**THIRD AFFIRMATIVE DEFENSE – DEFENDANT'S LEGITIMATE NON-RETALIATORY, NON-PRETEXTUAL DECISIONS**

The Plaintiff's Complaint, and each purported claim therein, should be barred in whole or in part because all decisions with respect to the Plaintiff's employment were made by Defendant for legitimate, non-retaliatory, non-pretextual reasons.

### FOURTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE DAMAGES

The Plaintiff has failed to mitigate, or reasonable attempt to mitigate, his damages, if any, as required by law and the claims in his Complaint should therefore be barred in whole or in part.

### FIFTH AFFIRMATIVE DEFENSE - PLAINTIFF'S UNCLEAN HANDS

The Plaintiff's damages have been caused by his own fault, actions or inactions, which were not rooted in alleged complaints to an outside governmental agency.

### SIXTH AFFIRMATIVE DEFENSE – DEFENDANT'S REASONABLE CARE

The Plaintiff's Complaint, and each purported claim therein, is barred in whole or in part, because the Defendant exercised reasonable care to prevent and correct promptly any alleged retaliatory behavior, if any.

### SEVENTH AFFIRMATIVE DEFENSE – MOTIVE

The Plaintiff's Complaint, and each purported claim therein, should be barred in whole or in part because all decisions with respect to the Plaintiff's employment made by Defendant would have taken the same action absent the protected activity and the protected activity played no role in any of the decisions.

### EIGHTH AFFIRMATIVE DEFENSE – FAILURE TO TAKE ADVANTAGE OF CORRECTIVE OPPORTUNITIES

The Plaintiff's Complaint, and each purported claim therein, is barred, in whole or in part, because the Plaintiff failed to take advantage of any preventive or corrective opportunities provided by the Defendant or to avoid harm otherwise.

**NINTH AFFIRMATIVE DEFENSE - DEFENDANT ACTED IN GOOD FAITH**

The Plaintiff's Complaint, and each purported claim therein, is barred, in whole or in part, because at all times relevant hereto, all decisions made by the Defendant concerning the plaintiff's employment were made in good faith.

**TENTH AFFIRMATIVE DEFENSE - NO VIOLATION OF CLEARLY MANDATED PUBLIC POLICY**

The Plaintiff's Retaliatory Discharge claim, is barred because the plaintiff's termination did not violate a clearly mandated public policy.

Respectfully submitted,

MOXIE SOLAR, INC. and
MOXIE SOLAR ILLINOIS, LLC

By: */s Joseph Pierotti*
    Joseph Pierotti
    One of Defendants' Attorneys

Michael R. Luchsinger, Esq. (ARDC #: 6311505)
Joseph Pierotti, Esq. (ARDC #: 6225847)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL   60606
(312) 630-9630 / (312) 630-9001 (Fax)
Service via e-mail accepted: *mail@doherty-progar.com*
*Via e-mail: mrl@doherty-progar.com*
*Via e-mail: jp@doherty-progar.com*

3

**CERTIFICATE OF SERVICE**

  I, Joseph Pierotti, certify that on December __23__, 2021, a true and correct copy of the foregoing was served and filed using the Court's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

                     */s/ Joseph Pierotti, Esq.*
                     Joseph Pierotti, Esq.